UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:19CV-P28-TBR

ERIC UNTHANK                                                   PLAINTIFF

v.

JAMES BEAVERS *et al*.                                   DEFENDANTS

## MEMORANDUM AND ORDER

This matter is before the Court on the motion for appointment of counsel by Plaintiff Eric Unthank (DN 9). In his memorandum in support of the motion, Plaintiff states that the facts and law of the case are complex; that his ability to investigate facts is limited; that there will be conflicting testimony; that he is an indigent prisoner with no legal training; that he is housed in segregation and has limited access to legal materials; and that his case is meritorious.

The appointment of counsel is not a constitutional right in a civil case such as this action brought under 42 U.S.C. § 1983. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Under 28 U.S.C. § 1915(e)(1),[1] court-enlisted assistance of counsel is not mandatory but merely a matter of discretion. *See, e.g.*, *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("'[T]he appointment of counsel in a civil case is, as is the privilege of proceeding *in forma pauperis*, a matter within the discretion of the court. It is a privilege and not a right.'") (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). "'It is a privilege that is justified only by exceptional circumstances.'" *Lavado*, 992 F.2d at 606 (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.' This generally

---

[1] Section 1915(e)(1) provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." (emphasis added).

involves a determination of the 'complexity of the factual and legal issues involved.'" *Id.* (citations omitted).

The Court finds that the complexity of the issues in this case does not necessitate the appointment of counsel. A review of the documents filed by Plaintiff reveals that he is familiar with the workings of the legal system and sufficiently articulate and able to present his case to the Court. Moreover, his imprisonment and inability to afford counsel are not atypical from any other *pro se* prisoner litigating a case. "[T]here is nothing exceptional concerning [a prisoner's] incarceration or poverty that extraordinarily debilitates his ability to investigate crucial facts." *Coates v. Kafczynski*, No. 2:05-CV-3, 2006 U.S. Dist. LEXIS 8641, at *4 (W.D. Mich. Feb. 22, 2006). Indeed, "[t]hese are ordinary and routine impediments incident to prisoner litigation." *Id.* Moreover, limited access to legal materials does not warrant the appointment of counsel. *Knowles-Browder v. Ca. Forensic Med. Group Staff*, No. CIV S-05-1260, 2006 U.S. Dist. LEXIS 20973, at *1 (E.D. Cal. Apr. 10, 2006) ("Most pro se litigants believe that their cases are complex, and all prisoners find that their access to law libraries is limited."). Consequently, the Court finds that Plaintiff has not set forth any "exceptional circumstances" warranting the appointment of counsel at this stage. Accordingly,

**IT IS ORDERED** that Plaintiff's motion for appointment of counsel (DN 9) is **DENIED**. This ruling does not prevent Plaintiff from requesting the appointment of counsel at a future point in this action should circumstances arise to warrant such a request.

Date: July 19, 2019

**Thomas B. Russell, Senior Judge
United States District Court**

cc: Plaintiff, *pro se*
 Defendants
 General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.010